IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CV-191-D

| | |
|---|---|
| BILLY REELS and VICKY REELS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

Plaintiffs Billy Reels and Vicky Reels ("plaintiffs") filed suit against defendant Nationwide Mutual Insurance Company ("defendant" or "Nationwide") in Carteret County Superior Court. The dispute concerns coverage under an insurance policy that Nationwide issued to plaintiffs for their home. Nationwide denied coverage after finding that the fire that damaged plaintiffs' home was intentionally set and that plaintiffs had failed to comply with the policy terms and North Carolina law.

Nationwide removed the action to this court [D.E. 1]. Since that time, plaintiffs have inexplicably failed to participate in the action, including a failure to respond to Nationwide's requests for admissions and a failure to respond to Nationwide's motion for summary judgment.

In light of plaintiffs' unexplained failure to respond to Nationwide's requests for admissions, the requests are deemed admitted. See Fed. R. Civ. P. 36(a)(3); Johnson v. Royal Coal Co., 326 F.3d 421, 424 n.2 (4th Cir. 2003); Whiting v. Weslowski, 200 F.R.D. 263, 264–65 (E.D.N.C. 2000), aff'd, No. 00-1896, 2000 WL 1514449 (4th Cir. 2000) (per curiam) (unpublished). Moreover, the court has reviewed Nationwide's motion for summary judgment, reviewed the record, and applied the

governing standard. See Fed. R. Civ. P. 56; Scott v. Harris, 127 S. Ct. 1769, 1774 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

There are no genuine issues of material fact in dispute, and Nationwide is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment [D.E. 28] is GRANTED. In light of this ruling, defendant's motion for sanctions [D.E. 27] is DENIED as moot. The Clerk is directed to close this case.

SO ORDERED. This 20 day of May 2009.

JAMES C. DEVER III
United States District Judge